UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAZZEO UNUM, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:14-1632 |
| v. : | |
| : | (Judge Mannion) |
| LAKE MEAD RECREATIONAL : | |
| AREA, et al., | |
| : | |
| Defendants : | |

# M E M O R A N D U M

Before the court is the report and recommendation of Judge Carlson, (Doc. 5), recommending that the complaint of plaintiff be dismissed. The case arises from a complaint, (Doc. 1), filed on August 20, 2014, in which plaintiff Mazzeo Unum lists nine defendants, all situated in Nevada. His complaint does not amount to a factual narrative, nor does it provide any coherent statement of what behavior, actions, or incidents plaintiff complains of. Plaintiff has not submitted objections to the report. As the complaint does not raise a discernible claim, the court adopts the report of Judge Carlson.

## I.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II. DISCUSSION**

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). As Judge Carlson's report indicates, the complaint in this matter does not provide a short and plain statement of the claim, as required by Fed.R.Civ.P. 8. In

fact, it is impossible to glean the crux of the complaint, as it is made up of seemingly random references to attached exhibits, with no mention of any of the defendants or explanation of the facts giving rise to the complaint. Plaintiff instead lists a variety of medical ailments from which he suffers, names various federal statutes which he apparently believes have been violated, and names nine defendants, all of whom are located in Nevada and none of whom are mentioned in the complaint apart from merely being listed as the defendants. The complaint is not comprehensible, a circumstance which justifies dismissal under Rule 8. *See* Roy v. Supreme Court of U.S., 484 F.App'x 700, 700 (3d Cir. 2012).

While the incomprehensibility of the complaint is alone sufficient to justify dismissal, the court agrees with the other reasons Judge Carlson poses for dismissing the complaint, including that some of the named defendants are not appropriate institutional defendants, and that venue is not proper in this district, as none of the defendants reside in this district and it is impossible to determine where the events giving rise to the claim occurred. *See* 28 U.S.C. 1391(b).

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal

without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, the court agrees with Judge Carlson's determination that granting plaintiff leave to amend the complaint would be futile in light of the incomprehensibility of the complaint and plaintiff's history of filing similarly nonsensical complaints in district courts. *See* Mazzeo-Unum v. Soc. Sec. Admin., 2011 WL 5554364 (Oct. 4, 2011 N.D.N.Y); Unum v. Soc. Sec. Admin., 2011 WL 5554310 (Nov 15, 2011 N.D.N.Y.); Mazzeo-Unum v. Dept. of Transp., 2013 WL 2636159 (Jun. 12, 2013 N.D.N.Y.); Unum ex rel. Neuro-Med. Diagnostic Care Servs. P.c. v. Dept. of Transitional Assistance, 2014 WL 1572799 (Apr. 18, 2014 N.D.N.Y.).

For the above reasons, the report of Judge Carlson is **ADOPTED IN ITS ENTIRETY**. Plaintiff's complaint is **DISMISSED**. Leave to amend is **DENIED**. The Clerk is directed to close the case. A separate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 9, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1632-01.wpd